IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AARON CHAMBERS,

                                                        OPINION AND ORDER

                Plaintiff,

                                                         20-cv-892-bbc

    v.

NICK CORONA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Aaron Chambers has filed a proposed civil action, contending that defendant Nick Corona violated plaintiff's rights under federal copyright law and state defamation law when he stole video drone footage from plaintiff and posted it on YouTube without plaintiff's permission. Plaintiff also alleges that he reported the incident to YouTube, which removed the video post. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915(e) to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief.

Plaintiff says very little about what happened, what the video depicted, why he believes he owns a copyright in the drone video or how the video footage defamed him. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include "a short of plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendant of what plaintiff believes defendant did to violate plaintiff's rights. Plaintiff's complaint does not provide enough information to meet this standard. Under these circumstances, the court usually allows plaintiff an opportunity

1

to amend his complaint to provide more details about his claims. However, plaintiff's complaint has another fundamental defect that might make an amendment futile. Specifically, plaintiff does not know where defendant is located.

In the caption of his complaint, plaintiff alleges that defendant is a citizen of either Georgia or Arizona. However, without more information, plaintiff would not be able to serve defendant, and the court would not be able to determine whether it has jurisdiction to hear this case.

Due process requires that in order to subject a nonresident defendant to the jurisdiction of the forum's court, the defendant must have certain minimum contacts with the forum such that maintenance of the suit does not offend the traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The allegations in plaintiff's complaint suggest that this court does not have personal jurisdiction over the defendant he is suing. Defendant is not a citizen of Wisconsin and plaintiff does not allege that defendant took any actions in this state that would amount to the "certain minimum contacts" necessary for personal jurisdiction. Id. It is unlikely that this court could exercise personal jurisdiction over a YouTuber located in Georgia or Arizona. For the same reasons, venue is likely improper in this district. 28 U.S.C. § 1391.

Therefore, I will give plaintiff a short time to clarify what state the defendant is a citizen of and allege what contacts, if any, defendant has had with the state of Wisconsin. If plaintiff fails to respond to this order by November 18, 2020, I will dismiss this case for his failure to establish that this court has jurisdiction to consider it.

ORDER

IT IS ORDERED that plaintiff Aaron Chambers may have until November 18, 2020, to respond to this order regarding defendant Nick Corona's citizenship and contacts with the State of Wisconsin. If plaintiff fails to respond by that date, the court will dismiss this case without prejudice for lack of subject matter jurisdiction.

Entered this 28th day of October, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge